1 | Ramin R. Younessi, Esq. (SBN 175020)
  | ryounessi@younessilaw.com
2 | **LAW OFFICES OF RAMIN R. YOUNESSI**
3 | **A PROFESSIONAL LAW CORPORATION**
  | 3435 Wilshire Blvd., Suite 2200
4 | Los Angeles, California 90010
  | Tel: (213) 480-6200
5 | Fax: (213) 480-6201
6 |
7 | Attorney for Plaintiffs,
  | MIGUEL MARTINEZ-PINEDA and AIA ALTAIBA
8 |
9 |
  |                    UNITED STATES DISTRICT COURT
10 |
  |                    CENTRAL DISTRICT OF CALIFORNIA
11 |
12 |
13 | MIGUEL MARTINEZ-PINEDA, an          CASE NO. 5:17-cv-2256
14 | individual, and AIA ALTAIBA, an     **COMPLAINT FOR DAMAGES**
   | individual,                         **FOR:**
15 |
16 |              Plaintiffs,            1. **NEGLIGENCE**
                                         2. **LOSS OF CONSORTIUM**
17 | v.
18 | UNITED STATES OF AMERICA;
19 | UNITED STATES DEPARTMENT OF
   | NAVY; and DOES 1-20, inclusive,
20 |
21 |              Defendants.
22 |
23 |
24 |      COMES NOW PLAINTIFFS MIGUEL MARTINEZ-PINEDA and AIA
25 | ALTAIBA, complaining of Defendants, and allege as follows:
26 |
27 |
28 |

COMPLAINT FOR DAMAGES

**I.**

**JURISDICTION**

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

**II.**

**VENUE**

2. Venue is proper in the Central District of California. The motor vehicle accident giving rise to this complaint occurred on California State Route 62, one mile west of North Indian Canyon Drive, in an unincorporated area of Riverside, California, which is within the present judicial district. Plaintiffs also reside within this judicial district.

**III.**

**PARTIES**

3. Plaintiff MIGUEL MARTINEZ-PINEDA (hereafter "MARTINEZ-PINEDA") is and at all relevant times was a resident of San Bernardino County, California.

4. Plaintiff AIA ALTAIBA (hereafter "ALTAIBA") is and at all relevant times was a resident of San Bernardino County, California.

5. At all times relevant herein, Plaintiff ALTAIBA was married to Plaintiff MARTINEZ-PINEDA.

6. At all times relevant herein, the Defendant THE UNITED STATES OF AMERICA is a governmental agency. The Defendant UNITED STATES

DEPARTMENT OF NAVY was and is an agency of the Defendant THE UNITED STATES OF AMERICA.

## IV.

## FACTS COMMON TO ALL ACTIONS

7. On or around August 29, 2014, at approximately 12:30 a.m., Plaintiff MARTINEZ-PINEDA was traveling southbound on California State Route 62 in an unincorporated area of Riverside, California.

8. On said date, Austin James Bunch, driver of a U.S. Navy military light armor vehicle ("LAV"), an employee or agent of Defendants UNITED STATES DEPARTMENT OF NAVY, THE UNITED STATES OF AMERICA drove carelessly, negligently and with extreme recklessness by, including, but not limited to operating the LAV with dim tail lights, and with tail lights that were mounted higher than 72 inches, southbound on California State Route 62.

9. Further, employees or agents of Defendants UNITED STATES DEPARTMENT OF NAVY, THE UNISTED SATES OF AMERICA carelessly, negligently and with extreme recklessness allowed the LAV to travel with dim tail lights, and with tail lights that were mounted higher than 72 inches, southbound on California State Route 62.

10. In so operating the U.S. Navy military LAV such that the LAV was not visible to other drivers on the road in the night time, the driver of the LAV, Austin James Bunch, an employee or agent of Defendants UNITED STATES DEPARTMENT OF NAVY, THE UNITED STATES OF AMERICA, carelessly and negligently caused Plaintiff MARTINEZ-PINEDA to strike the LAV.

-3-
COMPLAINT FOR DAMAGES

11. Further, in so allowing the U.S. Navy military LAV to travel southbound on California State Route 62, such that the LAV was not visible to other drivers on the road in the night time, the employees or agents of Defendants UNITED STATES DEPARTMENT OF NAVY, THE UNITED STATES OF AMERICA, carelessly and negligently caused Plaintiff MARTINEZ-PINEDA to strike the LAV.

12. Plaintiff MARTINEZ-PINEDA sustained serious injuries as a result of Defendants' negligence.

13. Plaintiff MARTINEZ-PINEDA's property was damaged as a result of the collision.

14. On August 16, 2016, Plaintiff MARTINEZ-PINEDA submitted a claim for $50,000,000.00 and Plaintiff ALTAIBA submitted a claim for $25,000,015.00 based on the allegations herein to the United States Department of Navy for administrative settlement. On May 5, 2017, the United States Department of Navy denied both claims. Accordingly, Plaintiffs have complied with the requirements of the Federal Tort Claims Act for the timely filing of claims. Such claims having been denied, Plaintiffs hereby institute the present lawsuit.

## V.

## FIRST COUNT/CAUSE OF ACTION

## NEGLIGENCE

## (BY PLAINTIFF MIGUEL MARTINEZ-PINEDA AGAINST ALL DEFENDANTS)

15. Plaintiffs incorporate herein by reference paragraphs 1 through 14, above as though fully set forth herein.

16. On August 29, 2014, a UNITED STATES DEPARTMENT OF NAVY LAV was operated by a UNITED STATES OF AMERICA agent or employee, Austin James Bunch, as he was in the course and scope of his agency/employment with Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF NAVY.

17. Further, on August 29, 2014, said UNITED STATES DEPARTMENT OF NAVY LAV was allowed by UNITED STATES OF AMERICA agents or employees to travel southbound on California State Route 62, as they were in the course and scope of their agency/employment with Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF NAVY.

18. The UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF NAVY agent/employee, Austin James Bunch, was driving negligently and carelessly, including, but not limited to, operating the LAV with dim tail lights, and tail lights that were mounted higher than 72 inches, in violation of California Vehicle Code 24600(e) and (f), southbound on California State Route 62.

18. The UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF NAVY agents/employees also acted negligently and carelessly by, including, but not limited to, allowing the LAV with dim tail lights and tail lights that were mounted higher than 72 inches, in violation of California Vehicle Code 24600(e) and (f), to travel southbound on California State Route 62.

1  19.  The UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF NAVY and its agent/employee, Austin James Bunch, acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and drove the U.S. Navy LAV as to proximately cause Plaintiff MARTINEZ-PINEDA to collide against the U.S. Navy LAV, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

20.  The UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF NAVY and its agents/employees, acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and allowed the U.S. Navy LAV to travel southbound on California State Route 62, as to proximately cause Plaintiff MARTINEZ-PINEDA to collide against the U.S. Navy LAV, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

21.  As a direct and proximate result of the negligence of the above named Defendants, and each of them, Plaintiff MARTINEZ-PINEDA was hurt and injured in his health, strength and activity, sustaining injuries to body and shock and injuries to the nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff MARTINEZ-PINEDA great mental, physical and nervous pain and suffering, in an amount in excess of the jurisdictional minimum of this Court.

22.  As a further and direct and proximate result of the negligence of the Defendants, Plaintiff MARTINEZ-PINEDA was required to, and did, incur medical

-6-
COMPLAINT FOR DAMAGES

and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiff Plaintiff MARTINEZ-PINEDA. Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

23. Plaintiffs are informed and believe, and thereon allege, that as a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff MARTINEZ-PINEDA will, for a period of time in the future, be required to employ physicians and incur additional medical and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

24. At the time of the above-mentioned incident, Plaintiff MARTINEZ-PINEDA was employed. As a further and direct and proximate result of the negligence of Defendants, Plaintiff MARTINEZ-PINEDA was unable to attend his usual employment and has lost income. The exact amount of such damages is presently unknown to Plaintiffs and Plaintiffs will seek leave of court to amend this complaint to set forth the exact amount thereof when the same has been ascertained.

25. Plaintiffs are informed and believe, and thereon allege, that as a direct and proximate result of the negligence of the Defendants, and each of them, that as the direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff MARTINEZ-PINEDA will, for a period of time in the future, be unable to attend and/or obtain gainful employment or that their ability to obtain gainful employment is diminished and/or their earning capacity has been

diminished. The exact amount of such losses is presently unknown to Plaintiffs. Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

## VI.

## SECOND COUNT/CAUSE OF ACTION

## LOSS OF CONSORTIUM

## (BY PLAINTIFF AIA ALTAIBA AGAINST ALL DEFENDANTS)

26. Plaintiffs incorporate herein by reference paragraphs 1 through 25, above as though fully set forth herein.

27. Prior to being injured by Defendants, Plaintiff MARTINEZ-PINEDA provided support and services to his wife Plaintiff ALTAIBA, including care, maintenance and management of the family home as well as all non-economic aspects of the marital relationship, including love, comfort, companionship, affection, society and solace. Subsequent to the injuries sustained by Plaintiff MARTINEZ-PINEDA, and as a legal result thereof, Plaintiff ALTAIBA, was and has been deprived of her full benefit as a wife, including the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support; and the loss of the enjoyment of sexual relations.

28. As a further legal result of the actions and omissions and negligence of Defendants and each of them, as alleged herein, which injured Plaintiff MARTINEZ-PINEDA, his wife Plaintiff ALTAIBA has suffered damages, in an amount according to proof.

///

# VII.

# PRAYER

WHEREFORE, Plaintiffs demand the following relief, jointly and severally, against all the Defendants;

1. General damages, according to proof, and in an amount in excess of the jurisdictional minimum of this court;

2. All past and future medical and incidental expenses according to proof;

3. Past loss of earnings as to Plaintiff MARTINEZ-PINEDA;

4. Future loss of earnings capacity as to Plaintiff MARTINEZ-PINEDA;

5. Pain and suffering according to proof;

6. All other special and incidental damages according to proof;

7. Pre-Judgment interest according to proof;

8. For costs of suit incurred herein; and

9. For loss of love, companionship, comfort, cart, assistance, protection, affection, society, and moral support for Plaintiff ALTAIBA;

10. For loss of the enjoyment of sexual relations [or the ability to have children] for Plaintiff ALTAIBA; and

11. Such other and further relief as the Court may deem just and proper.

DATED: October 3, 2017    **LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: /s/ Ramin R. Younessi, Esq.
_____
Ramin R. Younessi, Esq.
Attorney for Plaintiffs,
MIGUEL MARTINEZ-PINEDA
and AIA ALTAIBA